IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CORTEZ ANTONIO MILLS,

    Petitioner,

v.                                             Civil Action. No. 2:24-cv-456

CHADWICK S. DOTSON, Director,
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

Cortez Antonio Mills ("Petitioner" or "Mills"), a Virginia inmate proceeding pro se, initiated this matter by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Mills' Objection to the Magistrate Judge's Report and Recommendation ("R&R"). Dkt. No. 15. For the reasons stated below, Mills' Objection, Dkt. No. 18, is OVERRULED, Respondent's Motion to Dismiss, Dkt. No. 8, is GRANTED, and the Petition, Dkt. No. 1, is DENIED and DISMISSED WITH PREJUDICE.

### I.    BACKGROUND

For a complete recitation of the relevant facts, the parties are referred to the Magistrate Judge's R&R.

Mills filed this federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging his state court convictions for first degree murder, possession of a firearm by a convicted felon, and use of a firearm in the commission of a murder were improper because he was denied his Sixth Amendment right to effective assistance of counsel. *See generally* Dkt. No. 1. Respondent filed an answer and a motion to dismiss, arguing Petitioner's claims must be dismissed under the Anti-

Terrorism and Effective Death Penalty Act of 1996. Dkt. Nos. 8-10. Petitioner filed an Opposition. Dkt. No. 14.

This matter was referred to a United States Magistrate Judge for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) and (C); *see also* E.D. Va. Loc. Civ. R. 72. The Magistrate Judge issued an R&R concluding that the Supreme Court of Virginia's conclusions regarding Claims One through Seven were reasonable and recommending that this Court GRANT Respondent's Motion to Dismiss, Dkt. No. 8, and DENY and DISMISS the Petition, Dkt. No. 1, with prejudice. R&R at 1, 29. Mills timely objected to the R&R reiterating arguments made in his Petition. Pet. Obj., Dkt. No. 18.

## II.     LEGAL STANDARD

A federal court may grant habeas relief for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a petition is referred for a report and recommendation, "the magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). If a specific objection to the report and recommendation is made, the Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to conduct a review or provide an explanation for adopting the factual or legal conclusions of the magistrate judge's report and recommendation to which no objection is made. Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (Table) (4th Cir. 1992); *Camby v. Davis*, 718 F.2d

198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the report and recommendation where a party has made a specific written objection. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). In reviewing those portions of the R&R to which Mills has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be liberally construed. *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III.    ANALYSIS

Mills alleges that his convictions were improper because he was denied his Sixth Amendment right to effective assistance of counsel. Mills first asserted these claims in a state habeas petition filed with the Supreme Court of Virginia. The Supreme Court of Virginia dismissed Mills' state habeas petition after concluding that Mills could not succeed on any of his seven claims under the Supreme Court's two-prong ineffective assistance of counsel test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Dkt. No. 10-3 at 73–82. *Strickland's* two-prong test addresses ineffective assistance of counsel claims. *Id*. at 687–96. Prong one assesses a counsel's performance, and prong two assesses whether that performance prejudiced the defendant. *Id.* at 687. The "performance" prong requires that "counsel's representation fell below an objective standard of reasonableness[,]" such as "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687–88. The "prejudice" prong requires a defendant to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In his federal habeas petition in this Court, Mills presents the same seven claims raised in his state habeas petition. R&R at 17. The Anti-Terrorism and Effective Death Penalty Act governs this court's ability to grant relief. 28 U.S.C. § 2254(d)(1)-(2). A federal court may grant relief if the state court's decision (1) "contrary to, or involved an unreasonable application of, clearly

established Federal law," or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* Since the Supreme Court of Virginia issued a merits-based decision on all of Mills' claims, "[t]he focus of federal court review is now the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

Because the Supreme Court of Virginia has already concluded that Mills cannot satisfy *Strickland*, Mills is faced with an increased burden under § 2254(d). The Supreme Court in *Premo v. Moore* explained this increased burden:

> The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is *any reasonable argument* that counsel satisfied *Strickland*'s deferential standard.

562 U.S. 115, 122–23 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted) (emphasis added). Moreover, "[t]he question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was *unreasonable*—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (emphasis added). The Fourth Circuit has described this as "double deference" requiring "deference to the state court judgment granting deference to trial counsel's performance." *Burr v. Lassiter*, 513 F. App'x 327, 340 (4th Cir. 2013).

The Magistrate Judge evaluated each of the Supreme Court of Virginia's decisions under § 2254(d) and concluded "that the Supreme Court of Virginia's conclusions regarding Claims One through Seven were reasonable." R&R. 18–29. Although Mills objects to the entirety of the R&R, he does not object to the Magistrate Judge's specific findings that the Supreme Court of Virginia's conclusions were "reasonable"—*i.e.* neither contrary to clearly established federal law nor based

4

on an unreasonable determination of fact. Instead, Mills' objections attack the Supreme Court of Virginia's conclusions. Pet. Obj. 2–15. Given that Mills' objections are not aimed at the Magistrate Judge's specific findings of reasonableness, he has failed to properly object to the R&R. However, even if the Court construes Mills' objections to implicitly object to the Magistrate Judge's findings or recommendations, the Court finds that the Magistrate Judge's analysis comports with the law and agrees with the Magistrate Judge that the Supreme Court of Virginia's conclusions regarding Claims One through Seven were reasonable.

As to all other enumerated "objections" that are not specific and/or not responsive to the Magistrate Judge's ruling, the Court has reviewed the record and has found no clear error. *See Doss v. Clarke*, No. 7:14cv15, 2015 WL 1383234, at *2 (W.D. Va. Mar. 23, 2015) (explaining that "clear error" review applies in the absence of a "specific objection" to a finding in the R&R); *Hart v. Warden of Broad River Corr. Inst.*, C.A. No. 0:09-997, 2010 WL 2232213, at *2 (D.S.C. June 3, 2010) (declining to individually analyze all but one objection because the majority of the objections were "non-specific," "unrelated to the dispositive portions" of the R&R, or "merely restat[ed]" the petitioner's claims). Accordingly, all of Mills' objections to the R&R's analysis of his habeas petition are OVERRULED.

## IV. CONCLUSION

Following careful consideration, the Court ACCEPTS and ADOPTS IN WHOLE the findings and recommendations set forth in the R&R. Accordingly, Petitioner's Objections, Dkt. No. 18, are OVERRULED, Respondent's Motion to Dismiss, Dkt. No. 8, is GRANTED, and Mills' Petition, Dkt. 1, is DENIED and DISMISSED WITH PREJUDICE.

Petitioner has failed to demonstrate a "substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b)

of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003).

Petitioner is ADVISED that because a certificate of appealability is denied by this Court, he may seek a certification from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so within thirty (30) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk shall mail a copy of this Order to Petitioner and counsel of record for Respondent.

It is SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: September 19, 2025